# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

Civil Action No.: _____

PHILLIP R. WIEDMEYER, in his official capacity as a member of the Regional Water Works System Board of Directors,

    *Plaintiff*,

v.

HONORABLE MAYOR RANDALL L. WOODFIN, officially as Mayor of the City of Birmingham and individually as a citizen and ratepayer for water services provided by the Birmingham Water Works Board; CLINTON P. WOODS, officially as a Birmingham City Council member and individually as a citizen and ratepayer for water services provided by the Birmingham Water Works Board; HUNTER WILLIAMS, officially as a Birmingham City Council member; VALERIE A. ABBOTT, officially as a Birmingham City Council member and individually as a citizen and ratepayer for water services provided by the Birmingham Water Works Board; JONATHAN T. ("J.T.") MOORE, officially as a Birmingham City Council member and individually as a citizen and ratepayer for water services provided by the Birmingham Water Works Board; DARRELL O'QUINN, officially as a Birmingham City Council member and individually as a citizen and ratepayer for water services provided by the Birmingham Water Works Board; CRYSTAL SMITHERMAN, officially as a Birmingham City Council member; WARDINE T. ALEXANDER, officially as a Birmingham City Council member; CAROL E. CLARKE, officially as a Birmingham City Council member; LATONYA A. TATE, officially as a Birmingham City Council member and individually as a citizen and ratepayer for water services provided by the Birmingham Water Works Board; THE CITY OF BIRMINGHAM, a municipal corporation; TERESHIA Q. HUFFMAN, as former Chairwoman of the Birmingham Water Works Board; WILLIAM "BUTCH" BURBAGE, JR., as former Vice Chairman of the Birmingham Water Works Board, THOMAS E. HENDERSON, as former Second Vice-chairman of the Birmingham Water Works Board; RAYMOND "LARRY" WARD, as former Secretary-Treasurer of the Birmingham Water Works Board; DR. MONIQUE GARDNER WITHERSPOON, as former Director of the Birmingham Water Works Board; DR. ANDRE MCSHAN, as former Director of the Birmingham Water Works Board; and IVAN W. HOLLOWAY, as former Director of the Birmingham Water Works Board,

    *Defendants*.

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff Phillip R. Weidmeyer ("Plaintiff"), in his official capacity as a member of the Regional Water Works System Board of Directors, and files this Complaint for Declaratory Judgment. In support thereof, Plaintiff alleges the following:

## INTRODUCTION

1. On May 7, 2025, former Senate Bill 330 now enacted as Act 2025-297 ("SB330" or "the Act") was signed into law, converting the Birmingham Water Works System into a regional system and restructuring its board of directors. (*See* Exhibit "1" and *see* Exhibit "2").

2. Prior to the Act going into effect, on May 6, 2025, a group of the Defendants prematurely filed an unripe lawsuit against Governor Kay Ivey, alleging that SB330 violated the United States and Alabama Constitutions. *See* Compl. (Doc. 1), *Mayor Randall L. Woodfin, et al., v. Governor Kay Ivey, et al.*, Case No. 2:25-cv-00352.

3. This action is related to the prior suit, case No. 2:25-cv-00352, with respect to a number of parties, and all the issues presented.

## PARTIES

4. Jefferson County Commission President James "Jimmie" Stephens appointed Plaintiff Phillip R. Wiedmeyer, an engineer, to the Board of Directors of the Birmingham Water Works on May 7, 2025. (*See* Exhibit "3", Order and Appointment recorded with the Judge of Probate for Jefferson County and *see* Exhibit "4", Order and Appointment filed with Secretary of State of Alabama).

5. Defendant Hon. Randall L. Woodfin, in his official capacity as Mayor of the City of Birmingham and individually as a citizen and ratepayer for water services provided by the Birmingham Water Works Board. Mayor Woodfin is a resident of Jefferson County, Alabama.

6. Defendant Clinton P. Woods, in his official capacity as a member of the Birmingham City Council and individually as a citizen and ratepayer for water services provided by the Birmingham Water Works Board. Upon information and belief, Mr. Woods is a resident of Jefferson County, Alabama.

7. Defendant Hunter Williams, in his official capacity as a member of the Birmingham City Council.

8. Defendant Valerie A. Abbott, in her official capacity as a member of the Birmingham City Council and individually as a citizen and ratepayer for water services provided by the Birmingham Water Works Board. Upon information and belief, Ms. Abbott is a resident of Jefferson County, Alabama.

9. Defendant Jonathan T. ("J.T.") Moore, in his official capacity as a member of the Birmingham City Council and individually as a citizen and ratepayer for water services provided by the Birmingham Water Works Board. Upon information and belief, Mr. Moore is a resident of Jefferson County, Alabama.

10. Defendant Darrell O'Quinn, in his official capacity as a member of the Birmingham City Council and individually as a citizen and ratepayer for water services provided by the Birmingham Water Works Board. Upon information and belief, Mr. O'Quinn is a resident of Jefferson County, Alabama.

11. Defendant Crystal Smitherman, in her official capacity as a member of the Birmingham City Council.

12. Defendant Carol E. Clarke, in her official capacity as a member of the Birmingham City Council.

13. Defendant Latonya A. Tate, in her official capacity as a member of the Birmingham City Council and individually as a citizen and ratepayer for water services provided by the Birmingham Water Works Board. Upon information and belief, Ms. Tate is a resident of Jefferson County, Alabama.

14. The City of Birmingham, Alabama, a municipal corporation.

15. Tereshia Q. Huffman, in her former capacity as Chairwoman of the Birmingham Water Works Board.

16. William "Butch" Burbage, Jr., in his former capacity as Vice Chairman of the Birmingham Water Works Board.

17. Thomas E. Henderson, in his former capacity as Second Vice-chairman of the Birmingham Water Works Board.

18. Raymond "Larry" Ward, in his former capacity as Secretary-Treasurer of the Birmingham Water Works Board.

19. Dr. Monique Gardner Witherspoon, in her former capacity as Director of the Birmingham Water Works Board.

20. Dr. Andre McShan, in his former capacity as Director of the Birmingham Water Works Board.

21. Ivan W. Holloway, in his former capacity as Director of the Birmingham Water Works Board.

## JURISDICTION AND VENUE

22. Jurisdiction is proper in the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 2201 and under 28 U.S.C. § 1331, relating to questions of law raised under the Constitution and the Voting Rights Act.

23. Venue is proper in the United States District Court for the Middle District of Alabama under 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claim occurred therein. The Legislature passed SB330 in the Middle District. The Governor signed SB330 into law in the Middle District. The

Governor and Lieutenant Governor, who possess appointment authorities under the Act, reside in the Middle District.

## FACTS

24. Birmingham Water Works ("BWW") is Alabama's largest water system and serves customers in five counties, including Jefferson, Shelby, Blount, St. Clair, and Walker Counties, all of which are invested in BWW's success.

25. Prior to May 7, 2025, BWW was governed by a nine-member Board of Directors, with two appointed by the Mayor of Birmingham, four appointed by the Birmingham City Council, one appointed by the Jefferson County Mayors Association, one appointed by the Shelby County Commission, and one appointed by the Blount County Commission (the "Prior Board").

26. On or about April 17, 2025, the Alabama State Senate introduced SB330, which, in effect, would convert BWW into a regional water works system and restructure the Prior Board into a regional board of directors.

27. The Act was designed to eliminate and mitigate any failures of management, which as stated in the Act, "are more likely to occur in water works boards described in Section 11-50-300, Code of Alabama 1975, where the power to appoint a controlling number of the members of a board of directors is vested in a municipality whose voting residents comprise a fraction of the individuals served by the municipally controlled water works board."

28. Section 11-50-300.02 of the Act states, "[o]n the effective date of the act adding this section, a board that meets the requirements of Section 11-50-300(a) as of the date of filing the bill adding this section shall be converted to a regional board."

29. On or about May 1, 2025, SB330 obtained final passage in the Legislature.

30. On May 7, 2025, Governor Kay Ivey signed SB330 into law. The Act was effective immediately.

31. Accordingly, BWW has been converted into a regional water works system, the Prior Board has been terminated, and the regional system is governed by the newly appointed Board of Directors (the "Regional Board").

32. The Act was properly and validly passed in accordance with the laws of the Constitution of the State of Alabama.

33. Further, the Act complies with the United States Constitution.

34. Specifically, the Act complies with the Equal Protection Clause of the United States Constitution and neither discriminates against the City of Birmingham's ratepayers nor impermissibly treats the Birmingham's ratepayers differently than similarly situation ratepayers based on race.

35. The Act complies with Section 2 of the Voting Rights Act because it does not deprive individuals the right to vote on account of race of color.

36. The Act complies with the Supremacy Clause of the United States Constitution, for it does not violate the Constitution or any federal law.

37. The Act complies with the due process requirements of the United States Constitution.

38. And the Act complies with Contracts Clause of the United States Constitution.

39. Additionally, the Act complies with the Constitution of the State of Alabama, specifically, with Article VII, Sections 173 and 175, Article XVII, Section 280, and Article XII, Section 220.

**COUNT I – DECLARATORY JUDGMENT FOR THE ACT'S COMPLIANCE WITH THE UNITED STATES CONSTITUTION**

40. Plaintiff restates and re-alleges each of the foregoing paragraphs as if fully set forth herein.

41. This action was properly brought pursuant to 28 U.S.C. §§ 2201 and 1331 because a ripe and justiciable controversy exists between the parties regarding the constitutionality of the Act to be addressed by the Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks this Court to issue an Order setting forth the following relief:

A. Declaring that the Act complies with the United States Constitution, including, the Equal Protection Clause, Section 2 of the Voting Rights Act, the Supremacy Clause, the due process requirements, and the Contracts Clause.

## COUNT II – DECLARATORY JUDGMENT FOR THE ACT'S VALIDITY AND COMPLIANCE WITH THE ALABAMA CONSTITUTION

42. Plaintiff restates and re-alleges each of the foregoing paragraphs as if fully set forth herein.

43. This action was properly brought pursuant to 28 U.S.C. § 2201 because a ripe and justiciable controversy exists between the parties regarding the validity and constitutionality of the Act to be addressed by the Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks this Court to issue an Order setting forth the following relief:

A. Declaring that the Act was properly and validly signed into effect in accordance with the laws of Constitution of the State of Alabama.

B. Declaring that the Act complies with the Constitution of the State of Alabama, including Articles VII, XVII, and XII.

## COUNT III – DECLARATORY JUDGMENT THAT THE PRIOR BOARD HAS BEEN TERMINATED

44. Plaintiff restates and re-alleges each of the foregoing paragraphs as if fully set forth herein.

9

45. This action was properly brought pursuant to 28 U.S.C. § 2201 because a ripe and justiciable controversy exists between the parties regarding the authorities of the Prior Board and Current Board to be addressed by the Court.

46. Per the terms of the Act, the Prior Board has been terminated and holds no authority over the Regional Water Works System.

47. Rather, the Regional Board properly governs and serves as the Board of Directors of the Regional Water Works System.

### COUNT IV – DECLARATORY JUDGMENT FOR GOVERNOR'S AUTHORITY TO APPOINT BOARD MEMBERS UNDER THE ACT

48. Plaintiff restates and re-alleges each of the foregoing paragraphs as if fully set forth herein.

49. This action was properly brought pursuant to 28 U.S.C. § 2201 because a ripe and justiciable controversy exists between the parties regarding the authority of the Governor of Alabama to appoint individuals to the Regional Board under the Act.

### COUNT V – DECLARATORY JUDGMENT FOR LIEUTENANT GOVERNOR'S AUTHORITY TO APPOINT BOARD MEMBERS UNDER THE ACT

50. Plaintiff restates and re-alleges each of the foregoing paragraphs as if fully set forth herein.

51. This action was properly brought pursuant to 28 U.S.C. § 2201 because a ripe and justiciable controversy exists between the parties regarding the authority

of the Lieutenant Governor of Alabama to appoint individuals to the Regional Board under the Act.

## COUNT VI – DECLARATORY JUDGMENT FOR THE AUTHORITY OF THE JEFFERSON COUNTY COMMISSION PRESIDENT TO APPOINT A BOARD MEMBER UNDER THE ACT

52. Plaintiff restates and re-alleges each of the foregoing paragraphs as if fully set forth herein.

53. This action was properly brought pursuant to 28 U.S.C. § 2201 because a ripe and justiciable controversy exists between the parties regarding the authority of the Jefferson County Commission President to appoint individuals to the Regional Board under the Act.

## COUNT VII – DECLARATORY JUDGMENT FOR THE AUTHORITY OF THE SHELBY AND BLOUNT COUNTY COMMISSION PRESIDENTS TO APPOINT BOARD MEMBERS UNDER THE ACT

54. Plaintiff restates and re-alleges each of the foregoing paragraphs as if fully set forth herein.

55. This action was properly brought pursuant to 28 U.S.C. § 2201 because a ripe and justiciable controversy exists between the parties regarding the authority of Presidents of the Shelby and Blount County Commissions to appoint individuals to the Regional Board under the Act.

## COUNT VIII- DECLARATORY JUDGMENT THAT THE ACT WAS DULY PASSED BY THE LEGISLATURE AND SIGNED INTO LAW BY THE GOVERNOR

56. Plaintiff restates and re-alleges each of the foregoing paragraphs as if fully set forth herein.

57. This action was properly brought pursuant to 28 U.S.C. § 2201 because a ripe and justiciable controversy exists between the parties regarding whether the Act was duly passed by the Alabama Legislature and signed into law by the Governor, and whether it properly governs the management of the Regional Water Works System as enacted.

## COUNT IX- DECLARATORY JUDGMENT THAT THE ACT APPLIES TO ENTITIES AS DEFINED ON THE DATE OF THE ACT'S FILING

58. Plaintiff restates and re-alleges each of the foregoing paragraphs as if fully set forth herein.

59. This action was properly brought pursuant to 28 U.S.C. § 2201 because a ripe and justiciable controversy exists between the parties regarding whether the Act may define entities subject to its terms retroactively from its enactment, i.e. convert "a board that meets the requirements of Section 11-50-300(a) as <u>of the date of filing the bill</u>" to a regional board, as opposed to a board that meets the requirements of Section 11-50-300(a) as of the date of enactment.

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks this Court to issue an Order setting forth the following relief:

A. Enjoining the Prior Board from acting on behalf of the Regional Water Works System.

B. Declaring any actions taken by the Prior Board on or after May 7, 2025, to be invalid.

C. Declaring that the members of the Regional Board properly hold their seats as Board of Directors and govern the Regional Water Works System.

D. Declaring that the Governor of Alabama holds the authority to appoint members of the Regional Board under the terms of the Act.

E. Declaring that the Lieutenant Governor of Alabama holds the authority to appoint members of the Regional Board under the terms of the Act.

F. Declaring that the Jefferson County Commission President holds the authority to appoint a member of the Regional Board under the terms of the Act

G. Declaring that the Act was duly enacted.

H. Declaring that the Act applies to entities as defined on the date of the Act's filing irrespective of date of enactment.

Respectfully submitted this the 7th day of May, 2025.

/s/ *Christopher W. Weller*
**CHRISTOPHER W. WELLER (6640-W81C)**
**J. MITCHELL SIKES (1631-L00G)**
*Attorneys for Plaintiff*

**OF COUNSEL:**
**CAPELL & HOWARD, P.C.**
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, AL 36102-2069
Telephone: (334) 241-8000
Facsimile: (334) 323-8888
Email: Chris.Weller@chlaw.com
Email: Mitchell.Sikes@chlaw.com

## CERTIFICATE OF SERVICE

I hereby certify on this the 7th day of May, 2025, that Plaintiff intends to serve the following Defendants at the addresses indicated below:

**The Mayor of Birmingham**
Hon. Randall L. Woodfin
710 20th St N
Third Floor
Birmingham, AL 35203

Hon. Randall L. Woodfin
c/o Office of City Attorney
710 20th St N
Room 600
Birmingham, AL 35203

**Birmingham City Councilmembers:**
Clinton P. Woods
710 20th St N
Third Floor
Birmingham, AL 35203

Hunter Williams
710 20th St N
Third Floor
Birmingham, AL 35203

Valerie A. Abbott
710 20th St N
Third Floor
Birmingham, AL 35203

Jonathan T. ("J.T.") Moore
710 20th St N
Third Floor
Birmingham, AL 35203

Darrell O'Quinn
710 20th St N
Third Floor
Birmingham, AL 35203

Crystal Smitherman
710 20th St N
Third Floor
Birmingham, AL 35203

Wardine T. Alexander
710 20th St N
Third Floor
Birmingham, AL 35203

Carol E. Clarke
710 20th St N
Third Floor
Birmingham, AL 35203

Latonya A. Tate
710 20th St N
Third Floor
Birmingham, AL 35203

Birmingham City Council
c/o Samantha A. Chandler
City of Birmingham
710 20th St N - Room 600
Birmingham, AL 35203

**Former Birmingham Water Works Board Members:**

Tereshia Q. Huffman
Birmingham Water Works
Administration Office
3600 1st Ave N
Birmingham, AL 35222

William "Butch" Burbage, Jr.
Birmingham Water Works
Administration Office
3600 1st Ave N
Birmingham, AL 35222

Thomas E. Henderson
Birmingham Water Works
Administration Office
3600 1st Ave N
Birmingham, AL 35222

Raymond "Larry" Ward
Birmingham Water Works
Administration Office
3600 1st Ave N
Birmingham, AL 35222

Dr. Monique Gardner Witherspoon
Birmingham Water Works
Administration Office
3600 1st Ave N
Birmingham, AL 35222

Dr. Andre McShan
Birmingham Water Works
Administration Office
3600 1st Ave N
Birmingham, AL 35222

Ivan W. Holloway
Birmingham Water Works
Administration Office
3600 1st Ave N
Birmingham, AL 35222

Birmingham Water Works
Registered Agent
Macaroy Underwood
Birmingham Water Works
Administration Office
3600 1st Ave N
Birmingham, AL 35222

/s/*Christopher W. Weller*
**OF COUNSEL**