# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

Civil Action No.: 2-25-cv-00356-ECM-KFP

PHILLIP R. WIEDMEYER, in his official capacity as a member of the Regional Water Board of Directors; BILL MORRIS, in his official capacity as a member of the Regional Water Board of Directors; THOMAS HUDSON, in his official capacity as a member of the Regional Water Board of Directors; JEFF BRUMLOW, in his official capacity as a member of the Regional Water Board of Directors; and DAVID STANDRIDGE, in his official capacity as a member of the Regional Water Board of Directors.

     *Plaintiffs*,

v.

HONORABLE MAYOR RANDALL L. WOODFIN, officially as Mayor of the City of Birmingham and individually as a citizen and ratepayer for water services provided by the Birmingham Water Works Board; CLINTON P. WOODS, officially as a Birmingham City Council member and individually as a citizen and ratepayer for water services provided by the Birmingham Water Works Board; HUNTER WILLIAMS, officially as a Birmingham City Council member; VALERIE A. ABBOTT, officially as a Birmingham City Council member and individually as a citizen and ratepayer for water services provided by the Birmingham Water Works Board; JONATHAN T. ("J.T.") MOORE, officially as a Birmingham City Council member and individually as a citizen and ratepayer for water services provided by the Birmingham Water Works Board; DARRELL O'QUINN, officially as a Birmingham City Council member and individually as a citizen and ratepayer for water services provided by the Birmingham Water Works Board; CRYSTAL SMITHERMAN, officially as a Birmingham City Council member; WARDINE T. ALEXANDER, officially as a Birmingham City Council member; CAROL E. CLARKE, officially as a Birmingham City Council member; LATONYA A. TATE, officially as a Birmingham City Council member and individually as a citizen and ratepayer for water services provided by the Birmingham Water Works Board; THE CITY OF BIRMINGHAM, a municipal corporation; TERESHIA Q. HUFFMAN, as former Chairwoman of the Birmingham Water Works Board; WILLIAM "BUTCH" BURBAGE, JR., as former Vice Chairman of the Birmingham Water Works Board, THOMAS E. HENDERSON, as former Second Vice-chairman of the Birmingham Water Works

Board; RAYMOND "LARRY" WARD, as former Secretary-Treasurer of the Birmingham Water Works Board; CARL DALTON NESMITH, ESQ., as former Assistant Secretary-Treasurer of the Birmingham Water Works Board; DR. MONIQUE GARDNER WITHERSPOON, as former Director of the Birmingham Water Works Board; DR. ANDRE MCSHAN, as former Director of the Birmingham Water Works Board; JONATHAN HARRIS, as former Director of the Birmingham Water Works Board; and IVAN W. HOLLOWAY, as former Director of the Birmingham Water Works Board,

> *Defendants*.

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

COME NOW Plaintiffs Phillip R. Wiedmeyer, Bill Morris, Thomas Hudson, Jeff Brumlow, and David Standridge ("Plaintiffs"), in their official capacity as members of the Regional Water Works Board of Directors, and file this Amended Complaint for Declaratory Judgment and Injunctive Relief. In support thereof, Plaintiffs allege the following:

## INTRODUCTION

1.      On May 7, 2025, former Senate Bill 330 now enacted as Act 2025-297 ("SB330" or "the Act") was signed into law, converting the Birmingham Water Works System into a regional water board, and restructuring its board of directors. (*See* Exhibit "1"; Alabama Secretary of State Act 2025-297 Posting; Exhibit "2", Act 2025-297).

2.      Prior to the Act going into effect, on May 6, 2025, a group of the Defendants prematurely filed an unripe lawsuit against Governor Kay Ivey, alleging

that SB330 violated the United States and Alabama Constitutions. *See* Compl. (Doc. 1), *Mayor Randall L. Woodfin, et al., v. Governor Kay Ivey, et al.*, Case No. 2:25-cv-00352.

3.      This action is related to the prior suit, case No. 2:25-cv-00352, with respect to a number of parties, and all issues presented.

## PARTIES

4.      Jefferson County Commission President James "Jimmie" Stephens appointed Plaintiff Phillip R. Wiedmeyer, an engineer and resident of Jefferson County, to the Board of Directors of the Birmingham Regional Water Works Board on May 7, 2025. (*See* Exhibit "3", Wiedmeyer Order and Appointment recorded with the Judge of Probate for Jefferson County; Exhibit "4", Wiedmeyer Order and Appointment filed with Secretary of State of Alabama; Ala. Act 2025-297 enacting Ala. Code § 11-50-300.02(c)(1)(c.)).

5.      Lieutenant Governor Will Ainsworth appointed Plaintiff Bill Morris, who has a financial and general business background, to the Board of Directors of the Birmingham Regional Water Works Board on May 8, 2025. (*See* Exhibit "5", Morris Order and Appointment recorded with the Judge of Probate for Jefferson County; Exhibit "6", Morris Order and Appointment filed with Secretary of State of Alabama; Ala. Act 2025-297 enacting Ala. Code § 11-50-300.02(c)(1)(b.)).

6.      Governor Kay Ivey appointed Plaintiff Thomas Hudson, who had a financial and general business background, to the Board of Directors of the Birmingham Regional Water Works Board on May 8, 2025. (*See* Exhibit "7", Hudson Order and Appointment recorded with the Judge of Probate for Jefferson County; Exhibit "8", Hudson Order and Appointment filed with Secretary of State of Alabama; Ala. Act 2025-297 enacting Ala. Code § 11-50-300.02(c)(1)(f.)).

7.      The Shelby County Commission, representing the county with the largest number of accounts serving water customers outside the county in which the authorizing municipality is located, appointed Plaintiff Jeff Brumlow, who has a general business background, to the Board of Directors of the Birmingham Regional Water Works Board on May 12, 2025. (*See* Exhibit "9", Brumlow Order and Appointment recorded with the Judge of Probate for Jefferson County; Exhibit "10", Brumlow Order and Appointment filed with Secretary of State of Alabama; Ala. Act 2025-297 enacting Ala. Code § 11-50-300.02(c)(1)(e.)).

8.      The Blount County Commission, representing the county in which the regional board owns a major reservoir located principally with the county, appointed Plaintiff David Standridge, who has a general business background, to the Board of Directors of the Birmingham Regional Water Works Board on May 13, 2025. (*See* Exhibit "11", Standridge Order and Appointment recorded with the Judge of Probate for Jefferson County; Exhibit "12", Standridge Order and Appointment filed with

Secretary of State of Alabama; Ala. Act 2025-297 enacting Ala. Code § 11-50-300.02(c)(1)(d.)).

9.    Defendant Hon. Randall L. Woodfin, in his official capacity as Mayor of the City of Birmingham and individually as a citizen and ratepayer for water services provided by the Birmingham Water Works Board. Mayor Woodfin is a resident of Jefferson County, Alabama.

10.    Defendant Clinton P. Woods, in his official capacity as a member of the Birmingham City Council and individually as a citizen and ratepayer for water services provided by the Birmingham Water Works Board. Upon information and belief, Mr. Woods is a resident of Jefferson County, Alabama.

11.    Defendant Hunter Williams, in his official capacity as a member of the Birmingham City Council.

12.    Defendant Valerie A. Abbott, in her official capacity as a member of the Birmingham City Council and individually as a citizen and ratepayer for water services provided by the Birmingham Water Works Board. Upon information and belief, Ms. Abbott is a resident of Jefferson County, Alabama.

13.    Defendant Jonathan T. ("J.T.") Moore, in his official capacity as a member of the Birmingham City Council and individually as a citizen and ratepayer for water services provided by the Birmingham Water Works Board. Upon information and belief, Mr. Moore is a resident of Jefferson County, Alabama.

14.     Defendant Darrell O'Quinn, in his official capacity as a member of the Birmingham City Council and individually as a citizen and ratepayer for water services provided by the Birmingham Water Works Board. Upon information and belief, Mr. O'Quinn is a resident of Jefferson County, Alabama.

15.     Defendant Crystal Smitherman, in her official capacity as a member of the Birmingham City Council.

16.     Defendant Wardine T. Alexander, in her official capacity as a member of the Birmingham City Council.

17.     Defendant Carol E. Clarke, in her official capacity as a member of the Birmingham City Council.

18.     Defendant Latonya A. Tate, in her official capacity as a member of the Birmingham City Council and individually as a citizen and ratepayer for water services provided by the Birmingham Water Works Board.  Upon information and belief, Ms. Tate is a resident of Jefferson County, Alabama.

19.     The City of Birmingham, Alabama, a municipal corporation.

20.     Tereshia Q. Huffman, in her former capacity as Chairwoman of the Birmingham Water Works Board.

21.     William "Butch" Burbage, Jr., in his former capacity as Vice Chairman of the Birmingham Water Works Board.

22.     Thomas E. Henderson, in his former capacity as Second Vice-chairman of the Birmingham Water Works Board.

23.     Raymond "Larry" Ward, in his former capacity as Secretary-Treasurer of the Birmingham Water Works Board.

24.     Carl Dalton NeSmith, Esq., in his former capacity as Assistant Secretary-Treasurer of the Birmingham Water Works Board.

25.     Dr. Monique Gardner Witherspoon, in her former capacity as Director of the Birmingham Water Works Board.

26.     Dr. Andre McShan, in his former capacity as Director of the Birmingham Water Works Board.

27.     Jonathan Harris, in his former capacity as Director of the Birmingham Water Works Board.

28.     Ivan W. Holloway, in his former capacity as Director of the Birmingham Water Works Board.

## **JURISDICTION AND VENUE**

29.     Jurisdiction is proper in the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 2201 and under 28 U.S.C. § 1331, relating to questions of law raised under the Constitution and the Voting Rights Act.

30.     Venue is proper in the United States District Court for the Middle District of Alabama under 28 U.S.C. § 1391(b)(2) as a substantial part of the events

giving rise to the claim occurred therein. The Legislature passed SB330 in the Middle District. The Governor signed SB330 into law in the Middle District. The Governor and Lieutenant Governor, who possess appointment authorities under the Act, reside in the Middle District.

## FACTS

31.     Birmingham Water Works ("BWW") is Alabama's largest water system and serves customers in five counties, including Jefferson, Shelby, Blount, St. Clair, and Walker Counties, all of which are invested in BWW's success.

32.     Prior to May 7, 2025, BWW was governed by a nine-member Board of Directors, with two appointed by the Mayor of Birmingham, four appointed by the Birmingham City Council, one appointed by the Jefferson County Mayors Association, one appointed by the Shelby County Commission, and one appointed by the Blount County Commission (the "Prior Board").

33.     On or about April 17, 2025, the Alabama State Senate introduced SB330, which, in effect, would convert BWW into a regional water board and restructure the Prior Board into a regional board of directors.

34.     The Act was designed to eliminate and mitigate any failures of management, which as stated in the Act, "are more likely to occur in water works boards described in Section 11-50-300, Code of Alabama 1975, where the power to appoint a controlling number of the members of a board of directors is vested in a

municipality whose voting residents comprise a fraction of the individuals served by the municipally controlled water works board."

35.    Section 11-50-300.02 of the Act states, "[o]n the effective date of the act adding this section, a board that meets the requirements of Section 11-50-300(a) as of the date of filing the bill adding this section shall be converted to a regional board."

36.    On or about May 1, 2025, SB330 obtained final passage in the Legislature.

37.    On or about 2:55 p.m., on May 7, 2025, Governor Kay Ivey signed SB330 into law. (*See* Exhibit "1", Alabama Secretary of State Act 2025-297 Posting; Exhibit "2", Act 2025-297, at p.19). By its terms, the Act was effective immediately. (Exhibit "2", Act 2025-297, at p.18, Sec. 5).

38.    Accordingly, BWW has been converted into a regional water board, the Prior Board has been terminated, and the regional water board is governed by the newly appointed Board of Directors (the "Regional Board").

39.    Regardless that it had been dissolved and no longer governed BWW, on or around 6:15 p.m., the night of May 7, 2025, the Prior Board held a meeting on behalf of BWW, *after* Governor Kay Ivey signed the Act into law. (*See* Exhibit "13", May 7, 2025 Agenda).

40.    There, the Prior Board voted to execute a purchase agreement to sell itself back to the City of Birmingham. (Exhibit "14", Woodfin's Motion to Reconsider ¶ 6; Exhibit "15", Prior Board's Resolution No. 9777).

41.    The Act was properly and validly passed in accordance with the laws of the Constitution of the State of Alabama.

42.    Further, the Act complies with the United States Constitution.

43.    Specifically, the Act complies with the Equal Protection Clause of the United States Constitution and neither discriminates against the City of Birmingham's ratepayers nor impermissibly treats the Birmingham ratepayers differently than similarly situation ratepayers based on race.

44.    The Act complies with Section 2 of the Voting Rights Act because it does not deprive individuals the right to vote on account of race of color.

45.    The Act complies with the Supremacy Clause of the United States Constitution, for it does not violate the Constitution or any federal law.

46.    The Act complies with the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

47.    The Act complies with Contracts Clause of the United States Constitution. For example, under § 11-50-300.04(b) of the Act, consent of the governing body to an amendment is not required before altering the Regional Board's certificate of incorporation. The appropriate methods and procedures for

amending the Regional Board's certificate of incorporation supersede any other and/or prior methods and procedures of amendment, including those generally noted in Ala. Code § 11-50-232(b). *See* Ala. Code § 11-50-300.04(b) ("An amendment of the regional board's certificate of incorporation shall be made in the following manner: . . .").

48.    Additionally, the Act complies with the Constitution of the State of Alabama, specifically, with Article VII, Sections 173 and 175, Article XVII, Section 280, and Article XII, Section 220.

## COUNT I – DECLARATORY JUDGMENT FOR THE ACT'S COMPLIANCE WITH THE UNITED STATES CONSTITUTION

49.    Plaintiffs restate and re-allege each of the foregoing paragraphs as if fully set forth herein.

50.    This action was properly brought pursuant to 28 U.S.C. §§ 2201 and 1331 because a ripe and justiciable controversy exists between the parties regarding the constitutionality of the Act to be addressed by the Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs ask this Court to issue an Order setting forth the following relief:

A.    Declaring that the Act complies with the Equal Protection Clause of the United States Constitution because, among other things, correcting a history of abnormally high rates, operational problems, and past leadership issues is a rational basis that benefits African American and other customers equally,

11

B.      Declaring that the Act does not violate the Supremacy Clause of the United States Constitution,

C.      Declaring that the Act complies with the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and

D.      Declaring that the Act complies with the Contracts Clause of the United States Constitution because, among other things, under the canons of construction, the Act supersedes any prior methods and procedures of amending the certificate of incorporation.

## COUNT II – DECLARATORY JUDGMENT FOR THE ACT'S COMPLIANCE WITH THE VOTING RIGHTS ACT

51.     Plaintiffs restate and re-allege each of the foregoing paragraphs as if fully set forth herein.

52.     This action was properly brought pursuant to 28 U.S.C. §§ 2201 and 1331 because a ripe and justiciable controversy exists between the parties regarding the validity of the Act to be addressed by the Court.

53.     Section 2 of the Voting Rights Act bars "voting qualification[s] or prerequisite[s] to voting or standard[s], practice[s], or procedure[s that are] imposed or applied by any State or political subdivision in a manner which results in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color . . . ." 52 U.S.C. § 10301.

54.    The Act, however, does not concern any "voting qualification[s] or prerequisite[s] to voting or standard[s], practice[s], or procedure[s]," *id.*, and therefore (a) has not violated Section 2 of the Voting Rights Act, and (b) Section 2 of the Voting Rights Act has no applicability to the Act.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs ask this Court to issue an Order declaring that the Act complies with and/or has not violated Section 2 of the Voting Rights Act.

## COUNT III – DECLARATORY JUDGMENT FOR THE ACT'S VALIDITY AND COMPLIANCE WITH THE ALABAMA CONSTITUTION

55.    Plaintiffs restate and re-allege each of the foregoing paragraphs as if fully set forth herein.

56.    This action was properly brought pursuant to 28 U.S.C. § 2201 because a ripe and justiciable controversy exists between the parties regarding the validity and constitutionality of the Act to be addressed by the Court.

57.    Section 3 of Act 2025-297, which enacted Alabama Code § 11-50-300.03(h)(i) regarding removal of a director of the regional board, does not violate Alabama Constitution, Article VII, Sections 173 and 175, or the reasoning in *Roberts v. Fredrick*, 328 So. 2d 277 (Ala. 1976) (addressing removal of public officers), because, among other things, the board members are not exercising the sovereign authority of the State, and thus are not "public officers" under Sections 173 and 175 of the Alabama Constitution.

13

58.     Regarding severability, Alabama Code § 1-1-16 provides that any statute is severable:

> "If any provision of this code or any amendment hereto, or any other statute, or the application thereof to any person, thing or circumstances, is held invalid by a court of competent jurisdiction, such invalidity shall not affect the provisions or application of this code or such amendment or statute that can be given effect without the invalid provisions or application, and to this end, the provisions of this code and such amendments and statutes are declared to be severable."

59.     Act 2025-297, which enacted Alabama Code §§ 11-50-300.03(c)(3) (public officials may serve as directors) and (j) (payment of directors), does not violate Alabama Constitution, Article XVII, § 280, which bars public officials from holding certain offices, because, among other things, the role of a director or board member of a regional water works board is not an "Office of Profit" for purposes of Article XVII, § 280 of the Alabama Constitution.

60.     Act 2025-297, which enacted Alabama Code §§ 11-50-300.06(c)(1) & (2), does not violate Alabama Constitution, Article I, § 22, which prohibits the impairing of contracts, but states that franchises are revocable, because, among other things, franchises are interests in land and not contracts within the meaning of Ala. Const. § 22 because easements or rights of way are not contracts but interests in land and, in any event, payments for the use of land over time are payments for services under Section 22 of the Alabama Constitution.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs ask this Court to issue an Order setting forth the following relief:

A.    Declaring that the Act was properly and validly signed into effect in accordance with the laws of the State of Alabama, and

B.    Declaring that the Act complies with the Constitution of the State of Alabama, including Articles VII, XVII, and XII.

## COUNT IV – DECLARATORY JUDGMENT THAT THE PRIOR BOARD HAS BEEN TERMINATED

61.    Plaintiffs restate and re-allege each of the foregoing paragraphs as if fully set forth herein.

62.    This action was properly brought pursuant to 28 U.S.C. § 2201 because a ripe and justiciable controversy exists between the parties regarding the authorities of the Prior Board and Regional Board to be addressed by the Court.  Per the terms of the Act, the Act became effective "immediately" upon being signed by the Governor. (Exhibit "2", Act 2025-297, at p.18, Sec. 5).

63.    Further, the Act provides that "[t]he term of the existing directors of the board of directors shall terminate on the conversion date," Ala. Code § 11-50-300.03, and the "conversion date" coincided with the "effective date," Ala. Code § 11-50-300.02, i.e., when Governor Kay Ivey signed the Act into law on or about 2:55 p.m., on May 7, 2025. (*See* Exhibit "1", Alabama Secretary of State Act 2025-297 Posting; Exhibit "2", Act 2025-297, at p.19).

64.    At that moment, the Prior Board was terminated and holds no authority over the Regional Water Board.

65.    The Prior Board has been terminated by operation of law and holds no authority over the Regional Board.

66.    Rather, the Regional Board properly governs and serves as the Board of Directors of the Regional Water Board.

## COUNT V – DECLARATORY JUDGMENT FOR GOVERNOR'S AUTHORITY TO APPOINT BOARD MEMBERS UNDER THE ACT

67.    Plaintiffs restate and re-allege each of the foregoing paragraphs as if fully set forth herein.

68.    This action was properly brought pursuant to 28 U.S.C. § 2201 because a ripe and justiciable controversy exists between the parties regarding the authority of the Governor of Alabama to appoint individuals to the Regional Board under the Act.

## COUNT VI – DECLARATORY JUDGMENT FOR LIEUTENANT GOVERNOR'S AUTHORITY TO APPOINT BOARD MEMBERS UNDER THE ACT

69.    Plaintiffs restate and re-allege each of the foregoing paragraphs as if fully set forth herein.

70.    This action was properly brought pursuant to 28 U.S.C. § 2201 because a ripe and justiciable controversy exists between the parties regarding the authority

16

of the Lieutenant Governor of Alabama to appoint individuals to the Regional Board under the Act.

**COUNT VII – DECLARATORY JUDGMENT FOR THE AUTHORITY OF THE JEFFERSON COUNTY COMMISSION PRESIDENT TO APPOINT A BOARD MEMBER UNDER THE ACT**

71.    Plaintiffs restate and re-allege each of the foregoing paragraphs as if fully set forth herein.

72.    This action was properly brought pursuant to 28 U.S.C. § 2201 because a ripe and justiciable controversy exists between the parties regarding the authority of the Jefferson County Commission President to appoint individuals to the Regional Board under the Act.

**COUNT VIII – DECLARATORY JUDGMENT FOR THE AUTHORITY OF THE SHELBY COUNTY COMMISSION PRESIDENT TO APPOINT A BOARD MEMBER UNDER THE ACT**

73.    Plaintiffs restate and re-allege each of the foregoing paragraphs as if fully set forth herein.

74.    This action was properly brought pursuant to 28 U.S.C. § 2201 because a ripe and justiciable controversy exists between the parties regarding the authority of President of the Shelby County Commission to appoint individuals to the Regional Board under the Act.

## COUNT IX – DECLARATORY JUDGMENT FOR THE AUTHORITY OF THE BLOUNT COUNTY COMMISSION PRESIDENT TO APPOINT A BOARD MEMBER UNDER THE ACT

75.    Plaintiffs restate and re-allege each of the foregoing paragraphs as if fully set forth herein.

76.    This action was properly brought pursuant to 28 U.S.C. § 2201 because a ripe and justiciable controversy exists between the parties regarding the authority of President of the Blount County Commission to appoint individuals to the Regional Board under the Act.

## COUNT X - DECLARATORY JUDGMENT THAT THE ACT WAS DULY PASSED BY THE LEGISLATURE AND SIGNED INTO LAW BY THE GOVERNOR

77.    Plaintiffs restate and re-allege each of the foregoing paragraphs as if fully set forth herein.

78.    This action was properly brought pursuant to 28 U.S.C. § 2201 because a ripe and justiciable controversy exists between the parties regarding whether the Act was duly passed by the Alabama Legislature and signed into law by the Governor, and whether it properly governs the management of the Regional Board as enacted.

## COUNT XI - DECLARATORY JUDGMENT THAT THE ACT APPLIES TO ENTITIES AS DEFINED ON THE DATE OF THE ACT'S FILING

79.    Plaintiffs restate and re-allege each of the foregoing paragraphs as if fully set forth herein.

80.    This action was properly brought pursuant to 28 U.S.C. § 2201 because a ripe and justiciable controversy exists between the parties regarding whether the Act may define entities subject to its terms retroactively from its enactment, i.e. convert "a board that meets the requirements of Section 11-50-300(a) as of the date of filing the bill" to a regional board, as opposed to a board that meets the requirements of Section 11-50-300(a) as of the date of enactment.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs ask this Court to issue an Order setting forth the following relief:

A.    Enjoining the Prior Board from acting on behalf of the Regional Board,

B.    Declaring any actions taken by the Prior Board on or after May 7, 2025 to be invalid,

C.    Declaring that the members of the Regional Board properly hold their seats as Directors and govern the Regional Board,

D.    Declaring that the Governor of Alabama holds the authority to appoint members of the Regional Board under the terms of the Act,

E.    Declaring that the Lieutenant Governor of Alabama holds the authority to appoint members of the Regional Board under the terms of the Act,

F.    Declaring that the Jefferson County Commission President holds the authority to appoint a member of the Regional Board under the terms of the Act,

G.      Declaring that the Shelby County Commission President holds the authority to appoint a member of the Regional Board under the terms of the Act,

H.      Declaring that the Blount County Commission President holds the authority to appoint a member of the Regional Board under the terms of the Act,

I.      Declaring that the Act was duly enacted, and

J.      Declaring that the Act applies to entities as defined on the date of the Act's filing irrespective of date of enactment.

## COUNT XII - DECLARATORY JUDGMENT THAT ANY SALE OF BWW'S ASSETS AFTER THE ACT WAS SIGNED INTO LAW IS VOID

81.      Plaintiffs restate and re-allege each of the foregoing paragraphs as if fully set forth herein.

82.      Under the terms of the Act, the Prior Board was dissolved and stripped of any authority to take official action as board of directors when the Act was signed into law, including the power to enter into a purchase agreement for BWW's assets.

83.      Nonetheless, the Prior Board improperly continued to act as an existing board when it conducted a meeting, executed a vote, and issued a resolution to agree to sell BWW's assets to the City of Birmingham.

84.      Moreover, on January 29, 2001, BWW executed a settlement agreement and consent decree (the "Consent Decree") with the Attorney General of the State of Alabama, William H. Pryor, Jr.    (*See* Exhibit "16", Settlement Agreement and Acquisition Agreement (collectively, the "2001 Consent Decree")).

Section 5 of the Consent Decree provides that "the assets of the Systems will be owned by an independent public corporation . . . for the next 50 years." (*Id.*).

85.     Pursuant to the Consent Decree, on February 23, 2001, BWW entered an Acquisition Agreement with the City of Birmingham (the "Acquisition Agreement"). (*See* Exhibit "16", Settlement Agreement and Acquisition Agreement (collectively, the "2001 Consent Decree")). In Section 6 of the Acquisition Agreement, BWW and the City covenanted "that as long as there is outstanding debt secured either by the System or the revenues generated by the System, the System assets shall not be re-transferred to the" City. (*Id.*). When the Prior Board issued a resolution to agree to sell BWW's assets to the City of Birmingham, BWW had approximately $1 billion in outstanding debt secured either by the System or the revenues generated by the System.

86.     BWW was barred by the Consent Decree and the Acquisition Agreement from transferring its assets to the City.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs ask this Court to issue an Order setting forth the following relief:

A.     Enjoining the City of Birmingham from transacting with the Prior Board, including over BWW's assets, and

B.     Declaring any such transaction or agreement entered with the City of Birmingham on or after the Act went into effect as void.

Respectfully submitted this the 14th day of May, 2025.

*/s/ Christopher W. Weller*

**CHRISTOPHER W. WELLER (6640-W81C)**
**J. MITCHELL SIKES (1631-L00G)**
***Attorneys for Plaintiff***

**OF COUNSEL:**
**CAPELL & HOWARD, P.C.**
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, AL 36102-2069
Telephone: (334) 241-8000
Facsimile: (334) 323-8888
Email: Chris.Weller@chlaw.com
Email: Mitchell.Sikes@chlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on this the 14th day of May, 2025, that Plaintiffs intend to serve the following Defendants at the addresses indicated below:

**The Mayor of Birmingham**
Hon. Randall L. Woodfin
710 20th St N
Third Floor
Birmingham, AL 35203

Hon. Randall L. Woodfin
c/o Office of City Attorney
710 20th St N
Room 600
Birmingham, AL 35203

**Birmingham City Councilmembers:**
Clinton P. Woods
710 20th St N
Third Floor
Birmingham, AL 35203

Hunter Williams
710 20th St N
Third Floor
Birmingham, AL 35203

Valerie A. Abbott
710 20th St N
Third Floor
Birmingham, AL 35203

Jonathan T. ("J.T.") Moore
710 20th St N
Third Floor
Birmingham, AL 35203

Darrell O'Quinn
710 20th St N
Third Floor
Birmingham, AL 35203

Crystal Smitherman
710 20th St N
Third Floor
Birmingham, AL 35203

Wardine T. Alexander
710 20th St N
Third Floor
Birmingham, AL 35203

Carol E. Clarke
710 20th St N
Third Floor
Birmingham, AL 35203

Latonya A. Tate
710 20th St N
Third Floor
Birmingham, AL 35203

Birmingham City Council
c/o Samantha A. Chandler
City of Birmingham
710 20th St N - Room 600
Birmingham, AL 35203

**Former Birmingham Water Works
Board Members:**
Tereshia Q. Huffman
Birmingham Water Works
Administration Office
3600 1st Ave N
Birmingham, AL 35222

William "Butch" Burbage, Jr.
Birmingham Water Works
Administration Office
3600 1st Ave N
Birmingham, AL 35222

Thomas E. Henderson
Birmingham Water Works
Administration Office
3600 1st Ave N
Birmingham, AL 35222

Raymond "Larry" Ward
Birmingham Water Works
Administration Office
3600 1st Ave N
Birmingham, AL 35222

Dr. Monique Gardner Witherspoon
Birmingham Water Works
Administration Office
3600 1st Ave N
Birmingham, AL 35222

Dr. Andre McShan
Birmingham Water Works
Administration Office
3600 1st Ave N
Birmingham, AL 35222

Ivan W. Holloway
Birmingham Water Works
Administration Office
3600 1st Ave N
Birmingham, AL 35222

Birmingham Water Works
Registered Agent
Macaroy Underwood
Birmingham Water Works
Administration Office
3600 1st Ave N
Birmingham, AL 35222

s/*Christopher W. Weller*
**OF COUNSEL**